Egan Jr., J.
Appeal from an order of the County Court of Chemung County (Hayden, J.), entered August 7, 2013, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.
Defendant was charged in a 10-count indictment with, among other things, various sex crimes stemming from his contact with three underage girls. After two counts of the indictment were dismissed due to a typographical error, defendant pleaded guilty to criminal sexual act in the second degree (two counts), unlawful imprisonment in the second degree (two counts), sexual abuse in the third degree (two counts), endangering the welfare of a child and aggravated harassment in the second degree. Pursuant to the terms of the underlying plea agreement, defendant was placed on interim probation for a period of one year. Defendant thereafter admitted to violating the terms of his interim probation by being discharged from a sex offender treatment program, purchasing a computer and sending numerous emails — some of which contained explicit sexual content — to a 17-year-old girl. After two additional counts of the indictment were dismissed as duplicitous, defendant was sentenced to an aggregate prison term of two years followed by three years of postrelease supervision.
In anticipation of defendant’s release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument that presumptively classified defendant as a risk level II sex offender (105 points) in accordance with the Sex Offenders Registration Act (see Correction Law art 6-C [hereinafter SORA]).[1] The parties agreed to forgo a hearing, and County Court decided the matter upon written submissions and classified defendant as a risk level II sex offender. Defendant now appeals, contending that he was improperly assessed points under *862 risk factors 3 (number of victims) and 7 (relationship between offender and victim) and asserting that a downward departure from the presumptive risk level classification is warranted.
We affirm. Our review of the record — specifically, defendant’s plea allocution and the relevant grand jury testimony — discloses sufficient factual detail to establish, by clear and convincing evidence (see Correction Law § 168-n [3]), that defendant indeed touched himself in a sexual manner while in contact with one of his victims via a webcam. We therefore conclude that the assessment of 30 points under risk factor 3 for three or more victims was entirely appropriate.
We reach a similar conclusion with respect to the assessment of 20 points under risk factor 7 (relationship between offender and victim). While it is true that the online contact between defendant and his victims precludes a finding that the victims were “strangers” for purposes of SORA (cf. People v Birch, 114 AD3d 1117, 1118 [2014]), we nonetheless are persuaded that there is clear and convincing evidence to support County Court’s finding that defendant engaged in “grooming” behavior by cultivating a relationship with each of his victims for the purpose of satisfying his sexual desires. Accordingly, to our analysis, no point-based reduction in defendant’s risk level classification under SORA is warranted.
As for defendant’s assertion that he demonstrated his entitlement to a downward departure from the presumptive risk level classification pursuant to what he has denominated as the “statutory rape exception” under risk factor 2 (see People v Weatherley, 41 AD3d 1238, 1238-1239 [2007]), the record indeed reflects that County Court — despite authoring what otherwise was a detailed written decision in this matter — did not expressly reference defendant’s request in this regard. That said, County Court did expressly reference each of the factors relied upon by defendant — the age difference between defendant and his victims, the lack of forcible compulsion, defendant’s prior criminal history and his acceptance of responsibility and/or participation in therapy — elsewhere in its written decision and thoroughly discussed the conduct forming the basis for defendant’s violation of probation. Accordingly, we are satisfied that County Court’s findings provide an adequate basis for intelligent appellate review and, further, that defendant failed to establish, by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 859-861 [2014]),[2] that a downward departure from the presumptive risk level classification was warranted. Defend *863 ant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, EJ. and Clark, J., concur.

. In reaching this conclusion, the Board noted that it “conservatively scored” defendant as to those risk factors encompassing course of sexual misconduct (risk factor 4), substance abuse (risk factor 11), acceptance of responsibility (risk factor 12) and conduct while confined/supervised (risk factor 13) and expressed concern regarding defendant’s violation of his interim probation and corresponding “inability to control himself sexually while supervised.” To that end, the Board recommended that, if the evidence presented by the People failed to establish that an assessment of points in the cited categories was warranted, County Court consider an upward departure to a risk level III classification.

. To the extent that our prior decisions have held that a defendant’s request for a downward departure from the presumptive risk level classifica *863 tion must be based upon clear and convincing evidence (see e.g. People v Mercado, 117 AD3d 1367, 1368 [2014]; People v Carter, 106 AD3d 1202, 1204 [2013]), those decisions should not be followed in light of the Court of Appeals’ recent pronouncement in Gillotti.